# **EXHIBIT K**

EXHIBIT K

Ausfertigung



# Landgericht Berlin
## Im Namen des Volkes
### Urteil

Geschäftsnummer: 16 O 55/11      verkündet am : 03.05.2011
Baate,
Justizobersekretärin

In dem Rechtsstreit

1. der Guardaley Ltd.,
   vertreten d.d. Geschäftsführer Ben Perino,
   Rubensstraße 33, 76149 Karlsruhe,

2. des Herrn Patrick Achache,
   geschäftsansässig Rubensstraße 33, 76149 Karlsruhe,

                     Antragsteller,

- Verfahrensbevollmächtigte:
  Rechtsanwälte Schulenberg & Schenk,
  Alsterchaussee 25, 20149 Hamburg,-

g e g e n

1. die Baumgarten Brandt GbR, Internationales Handels-
   zentrum,
   Friedrichstraße 95, 10117 Berlin,

2. den Herrn Rechtsanwalt André Nourbakhsch,
   (geschäftsansässig: Internationales Handelszentrum),
   Friedrichstraße 95, 10117 Berlin,

                     Antragsgegner,

- Verfahrensbevollmächtigte:
  Rechtsanwälte BaumgartenBrandt Rechtsanwälte,
  Friedrichstraße 95, 10117 Berlin,-

hat die Zivilkammer 16 des Landgerichts Berlin in Berlin-Mitte, Littenstraße 12-17, 10179 Berlin, auf die mündliche Verhandlung vom 03.05.2011 durch den Vorsitzenden Richter am Landgericht Dr. Scholz, den Richter am Landgericht Dr. Danckwerts und den Richter Dr. Elfring

ZP 550

Exhibit K - 1

Case 8:14-cv-00874-CEH-AEP Document 8-14 Filed 06/25/14 Page 3 of 11 PageID 205
Case 1:14-cv-00263-RDB Document 10-1 Filed 03/28/14 Page 103 of 270

2

**für Recht erkannt:**

1. Die einstweilige Verfügung vom 10. Februar 2011 wird hinsichtlich des Tenors zu 1. a) bestätigt. Im Übrigen wird die einstweilige Verfügung aufgehoben und der Antrag auf ihren Erlass zurückgewiesen.

2. Von den Gerichtskosten tragen die Antragstellerin zu 1. 4/5 und die Antragsgegner zu 1. und 2. jeweils 1/10.
Die außergerichtlichen Kosten der Antragstellerin zu 1. tragen die Antragsgegner zu 1. und 2. zu jeweils 1/10.
Die außergerichtlichen Kosten des Antragstellers zu 2. tragen die Antragsgegner zu 1. und 2. jeweils zu 1/2.
Die außergerichtlichen Kosten der Antragsgegner zu 1. und 2. trägt die Antragstellerin zu 3/4.
Im Übrigen findet eine Kostenerstattung nicht statt.

3. Das Urteil ist vorläufig vollstreckbar.
Der Antragstellerin wird nachgelassen, die Zwangsvollstreckung gegen Sicherheitsleistung in Höhe des vollstreckbaren Betrages abzuwenden, sofern die Antragsgegner vor der Vollstreckung nicht Sicherheit in Höhe des jeweils beizutreibenden Betrages leisten.

**Tatbestand**

Die Antragstellerin zu 1) ist ein IT-Unternehmen, das auf die Recherche und Sicherung von Verletzungen des geistigen Eigentums im Internet spezialisiert ist und hierzu Dateiidentifizierungs- und Verfolgungsmaßnahmen zur Verfügung stellt. Sie erfasst und dokumentiert IP-Verbindungsdaten der Inhaber von Internetanschlüssen, die Werke ihrer Kunden urheberrechtswidrig im Internet zum Download anbieten. Der Antragsteller zu 2) ist Angestellter der Antragstellerin zu 1).

Die Antragsgegnerin zu 1) macht im Rahmen anwaltlicher Dienstleistungen Unterlassungs- und Schadensersatzansprüche gegen Anschlussinhaber geltend, die urheberrechtswidrig Filme öffentlich zugänglich machen und legt hierzu eidesstattliche Erklärungen des Antragstellers zu 2) vor, in denen dieser erklärt, welche Inhaber von Internetanschlüssen bestimmte Filme urheberrechtswidrig im Internet zum Download angeboten haben.

Der Antragsgegner zu 2) ist als Rechtsanwalt bei der Antragsgegnerin zu 1) tätig.

ZP 550

Exhibit K - 2

Case 8:14-cv-00874-CEH-AEP Document 8-14 Filed 06/25/14 Page 4 of 11 PageID 206
Case 1:14-cv-00263-RDB Document 10-1 Filed 03/28/14 Page 104 of 270

3

Zwischen der Antragstellerin zu 1) und der Antragsgegnerin zu 1) bestand seit 2009 ein Vertragsverhältnis. Die Antragsgegnerin zu 1) kündigte den Vertrag am 21.01.2011 fristlos. Mit Faxschreiben vom 25.01.2011 erklärte auch die Antragstellerin zu 1) die fristlose Kündigung des Vertrags.

Zu den Mandanten sowohl der Antragstellerin zu 1) als auch der Antragsgegnerin zu 1) gehört u.a. das Unternehmen Foresight Unlimited mit Sitz in den USA, vertreten durch Herrn Damon.

Nachdem zunächst ein Telefonat zwischen dem Antragsgegner zu 2) und Herrn Damon stattgefunden hatte, erfolgte am 05.01.2011 ein Telefonat zwischen Frau Mudge, einer amerikanischen Vertragspartnerin der Antragstellerin zu 1), und dem Antragsgegner zu 2). Frau Mudge ist zugleich Mitglied des Board of Directors der Independent Film and Television Alliance (IFTA), einem Verband unabhängiger Filmgesellschaften in den USA, zu dem u.a. die Foresight Unlimited gehört.

Beim District Court of Massachusetts in den USA ist zu dem Aktenzeichen 1: 10-cv-12043-GAO eine Sammelklage von ca. 4.300 Personen u.a. gegen die Antragstellerin zu 1) anhängig, die ihr im April 2011 zugestellt wurde.

Die Antragsteller behaupten, die Antragsgegner kontaktierten die Vertragspartner der Antragstellerin zu 1) und versuchten, diese dazu zu bewegen, ihr Vertragsverhältnis mit der Antragstellerin zu 1) zu beenden, wobei sie sich auf unwahre Tatsachen und auf geheime vertragsinterne Informationen stützten.

Der Antragsgegner zu 2) habe in dem Telefonat mit Frau Mudge mitgeteilt, die Antragstellerin zu 1) nutze eine Ermittlungssoftware, die der Antragsteller zu 2) bei dem Schweizer Unternehmen Logistep AG, bei dem er zuvor tätig gewesen sei, gestohlen habe. Tatsächlich nutze die Antragstellerin zu 1) eine von ihrem Geschäftsführer Herrn Ben Perino entwickelte Software namens „Observer".

Weiterhin habe der Antragsgegner zu 2) in dem Telefonat ausgeführt, die durch die Antragstellerin zu 1) geleisteten Ermittlungsergebnisse seien nicht zuverlässig. Dies sei indessen unzutreffend.

Zudem habe der Antragsgegner zu 2) der Frau Mudge angeboten, die Leistungen der Antragstellerin zu 1) künftig über ein anderes Unternehmen für sie durchzuführen und sich mit ähnlichen Äußerungen auch direkt an die Rechteinhaber, also die Mandanten von Frau Mudge, gewandt. Die Antragsgegnerin zu 1) habe in der jüngeren Vergangenheit mehrfach auch anderen Mandanten, u.a. der Los Banditos Film GmbH, angeboten, die Antragstellerin zu 1) durch ein anderes Unter-

Case 8:14-cv-00874-CEH-AEP Document 8-14 Filed 06/25/14 Page 5 of 11 PageID 207
Case 1:14-cv-00263-RDB Document 10-1 Filed 03/28/14 Page 105 of 270

4

nehmen, nämlich der Tree Garden Burning GmbH, zu ersetzen. Deren Gesellschafter sind unstreitig die Namensgeber der Antragsgegnerin zu 1).

Die Antragsteller sind der Ansicht, der Antragsgegner zu 2) habe die Sammelklage in Verbindung mit einer Abwerbung von Mandanten erwähnt. Dies verstoße gegen § 4 Nr. 7 UWG.

Die Antragsteller haben die einstweilige Verfügung vom 10.02.2011 erwirkt, mit der den Antragsgegnern bei Vermeidung eines vom Gericht für jeden Fall der Zuwiderhandlung festzusetzenden Ordnungsgeldes bis zu 250.000,00 EUR, ersatzweise Ordnungshaft, oder einer Ordnungshaft bis zu sechs Monaten, diese hinsichtlich der Antragsgegnerin zu 1) zu vollziehen an einem ihrer geschäftsführenden Gesellschafter, untersagt worden ist:

- Hinsichtlich der Antragsteller zu 1) und 2) die Behauptung aufzustellen und/oder aufstellen zu lassen, zu verbreiten und/oder verbreiten zu lassen, Herr Patrick Achache hätte die Software, die von der Firma Guardaley benutzt wird, bei einem Schweizer Unternehmen gestohlen, bei welchem er früher beschäftigt war

- Hinsichtlich der Antragstellerin zu 1) die Behauptung aufzustellen und/oder aufstellen zu lassen, zu verbreiten und/oder verbreiten zu lassen, die Firma Guardaley Ltd. würde unzuverlässige Rechercheleistungen erbringen und gegen sie sei in den Vereinigten Staaten von Amerika eine Sammelklage von 4.300 Personen anhängig sowie während eines bestehenden Vertragsverhältnisses zu der Antragstellerin zu 1) ohne deren Kenntnis und Einwilligung deren Kunden zu kontaktieren und diesen eine Zusammenarbeit ohne Mitwirkung der Antragstellerin zu 1) anzubieten,

wenn dies jeweils geschehe wie in der eidesstattlichen Versicherung von Frau Mudge vom 16.01.2011 (Bl. 42 d.A.) wiedergegeben. Im Übrigen, betreffend den Antrag, den Antragsgegnern zu untersagen, Dritten gegenüber Informationen mitzuteilen, die Gegenstand von Vertragsinterna seien, wurde der Antrag auf Erlass einer einstweiligen Verfügung zurückgewiesen.

Gegen diese einstweilige Verfügung, die, jeweils an die Antragsgegnerin zu 1) und den Antragsgegner zu 2) adressiert, am 11.02.2011 durch eine Gerichtsvollzieherin durch Einlegen in einen zum Geschäftsraum der Antragsgegnerin zu 1) gehörenden Briefkasten zugestellt wurde, richtet sich der Widerspruch der Antragsgegnerin vom 15.03.2011.

Die Antragsteller beantragen,

ZP 550

Exhibit K - 4

Case 8:14-cv-00874-CEH-AEP Document 8-14 Filed 06/25/14 Page 6 of 11 PageID 208
Case 1:14-cv-00263-RDB Document 10-1 Filed 03/28/14 Page 106 of 270

5

die einstweilige Verfügung des Landgerichts Berlin vom 10.02.2011 (Az.: 16 O 55/11) unter Zurückweisung des Widerspruchs der Antragsgegnerin aufrechtzuerhalten.

Die Antragsgegner beantragen,

die einstweilige Verfügung des Landgerichts Berlin vom 10.02.2011 (Az. 16 O 55/11) aufzuheben und den Antrag auf Erlass einer einstweiligen Verfügung zurückzuweisen.

Die Antragsgegnerin zu 1) ist der Ansicht, der Antragsgegner zu 2) sei nicht mehr Partei des Verfahrens, da die einstweilige Verfügung vom 10.02.2011 ihm gegenüber mangels Zustellung nicht vollzogen worden sei. Eine Zustellung an die Adresse seiner beruflichen Tätigkeit – der Antragsgegner zu 2) sei Mitarbeiter der Antragsgegnerin zu 1) und gehe keiner eigenen Geschäftstätigkeit nach, sei insbesondere nicht Gesellschafter oder Geschäftsführer der Antragsgegnerin zu 1) – sei keine Ersatzzustellung gemäß § 178 Abs. 1 Nr. 2 ZPO, § 180 S. 1 ZPO. Die Antragsgegnerin zu 1) sei auch nicht Prozessbevollmächtigte des Antragsgegners zu 2).

Die Antragsgegner behaupten, Frau Mudge sei nicht Kundin, sondern Mitarbeiterin der Antragstellerin zu 1). Das Telefonat zwischen dem Antragsteller zu 2) und Frau Mudge habe auf ihren Wunsch hin stattgefunden. Die in dem Telefonat weitergegebenen Informationen hätten sich ausschließlich auf das Mandatsverhältnis der Antragsgegnerin zu 1) zu Foresight Unlimited bezogen. In ihrer eidesstattlichen Versicherung habe Frau Mudge den Inhalts des Telefonats mit dem Antragsgegner zu 2) unvollständig und falsch wiedergegeben.

Zu den einzelnen streitgegenständlichen Aussagen behaupten die Antragsgegner Folgendes:

Der Antragsgegner zu 2) habe gegenüber Frau Mudge ausdrücklich mitgeteilt, dass er nur aufgrund einer Gesamtschau verschiedener Umstände, insbesondere des Umstands, dass der Antragsteller zu 2) nicht mitgeteilt habe, dass er bis zum 21.02.2009 für die Logistep AG und zugleich bereits seit Januar 2007 für die Antragstellerin zu 1) tätig gewesen sei, nicht mit Sicherheit davon ausgehen könne, der Antragsteller zu 2) habe nicht auf urheberrechtlich geschütztes Know-How der Logistep AG zurück gegriffen. Dabei habe er wiederholt betont, dass es sich bis dahin nur um begründete Zweifel handele, die zunächst zu klären seien und ausgeräumt werden sollten.

6

Der Antragsgegner zu 2) habe Frau Mudge zudem darauf hingewiesen, dass die Antragsgegnerin zu 1) erfahren habe, dass die von der Antragstellerin zu 1) festgestellten IP-Verbindungsdaten nicht zu 100 Prozent korrekt seien. Es würden auch IP-Daten von Anschlussinhabern ermittelt, die selbst keine „Uploads" vornähmen. Dies habe die Antragsgegnerin zu 1) im Januar 2011 von der ipoque GmbH, einem Unternehmen, das Dienstleistungen im Bereich Bandbreiten- und Internetmanagement anbiete und das nach einem Hinweis der Antragstellerin zu 1) von der Antragsgegnerin zu 1) zu unrecht abgemahnt worden sei, erfahren, was die Antragsteller mit Nichtwissen bestreiten.

Schließlich habe der Antragsgegner zu 2) Frau Mudge nicht angeboten, ihren Mandanten Untersuchungen von einem anderen Unternehmen durchführen zu lassen. Er habe auf die Frage von Frau Mudge, ob es alternative Dienstleister zu der Antragstellerin zu 1) gebe, lediglich mitgeteilt, dass die Übernahme der Überwachungstätigkeiten durch einen anderen Anbieter zumindest technisch ohne weiteres möglich sei.

Die Antragsgegner sind der Ansicht, zwischen ihnen und den Antragstellern bestehe kein Wettbewerbsverhältnis, da die Antragsteller Ermittlungsdienstleistungen im Internet anböten, die Antragsgegner jedoch ausschließlich Rechtsberatung und -vertretung. Durch die gegenüber Frau Mudge getätigten Äußerungen seien weder Tatsachen i.S.v. § 4 Nr. 8 UWG behauptet, noch Mitbewerber nach § 4 Nr. 10 UWG behindert worden. Die Äußerungen seien der Antragstellerin zu 1) zuzurechnen, da Frau Mudge ihre Mitarbeiterin sei, daher habe es sich nicht um Äußerungen gegenüber Dritten gehandelt. Ferner handele es sich bei den Aussagen zu den unzuverlässigen Rechercheleistungen und der Sammelklage um wahre Tatsachen.

Hinsichtlich des Vorbringens der Parteien im Übrigen wird auf die zwischen ihnen gewechselten Schriftsätze nebst Anlagen verwiesen.

### Entscheidungsgründe

Die einstweilige Verfügung ist hinsichtlich des Tenors zu 1. a) zu bestätigen, weil sie insoweit zu Recht ergangen ist (§§ 925, 936 ZPO). Im Übrigen ist sie aufzuheben und der Antrag auf ihren Erlass zurückzuweisen.

Die Antragstellerin zu 1) hat hinsichtlich der im Tenor der einstweiligen Verfügung unter 1. a) genannten Äußerung einen Unterlassungsanspruch aus §§ 8 Abs. 1, 3 Abs. 1, 4 Nr. 8 UWG gegen die Antragsgegner.

ZP 550

Exhibit K - 6

Case 8:14-cv-00874-CEH-AEP Document 8-14 Filed 06/25/14 Page 8 of 11 PageID 210
Case 1:14-cv-00263-RDB Document 10-1 Filed 03/28/14 Page 108 of 270

7

Der Anspruch besteht auch gegen den Antragsgegner zu 2). Dieser ist weiterhin Partei des Verfahrens. Entgegen dem Vortrag der Antragsgegner stellt die Einlegung des an den Antragsgegner zu 2) adressierten Beschlusses der Kammer vom 10.02.2011 am 11.02.2011 in den Briefkasten der Antragsgegnerin zu 1) eine wirksame Ersatzzustellung an den Antragsgegner zu 2) in seinem Geschäftsraum im Sinne von § 178 Abs. 1 Nr. 2 ZPO dar.

Geschäftsraum ist jeder Raum, in dem sich der Publikumsverkehr abspielt (Zöller, ZPO, 27. Auflage 2009, § 178 Rn. 15). Eine wirksame Ersatzzustellung setzt voraus, dass es sich um den Geschäftsraum des Zustellungsadressaten handelt, von dem aus seiner Erwerbstätigkeit nachgeht; für die dort erwerbstätigen Personen kann ein solcher Geschäftsraum Ort der Ersatzzustellung sein, wenn er in einem für den Publikumsverkehr bestimmten Geschäftsraum tätig ist oder zumindest den Rechtsschein hervorruft, er unterhalte als solcher ein besonderes Geschäftslokal (Zöller, a.a.O., § 178 ZPO Rn. 16 und 17).

Indem der Antragsgegner zu 2) auf dem Briefbogen der Antragsgegnerin zu 1) als dort tätiger Rechtsanwalt aufgeführt ist, erweckt er nach außen den Anschein, als betreibe er dort ein Geschäftslokal. Es besteht danach die Erwartung, dass die Weitergabe des Beschlusses an den Antragsgegner zu 2) als Zustellungsadressaten verlässlich gewährleistet sei.

Die Antragsteller sind Mitbewerber der Antragsgegner im Sinne von §§ 8 Abs. 3 Nr. 1; 2 Abs. 1 Nr. 3 UWG.

Auch wenn die Antragsgegner ausführen, sie böten nur Rechtsberatung und -vertretung an, so erbringen sie dennoch, wie auch die Antragsteller, Dienstleistungen auf dem Gebiet der Verfolgung von Urheberrechtsverletzungen. Dies genügt vor dem Hintergrund der gebotenen wirtschaftlichen Betrachtungsweise für das Bestehen eines konkreten Wettbewerbsverhältnisses.

Der Antragsgegner zu 2) hat die betreffende Äußerung „behauptet" im Sinne von § 4 Nr. 8 UWG, indem er sie gegenüber Frau Mudge tätigte. Unabhängig davon, ob es sich bei Frau Mudge um eine Mitarbeiterin der Antragstellerin zu 1) handelt, wie die Antragsgegner behaupten, handelt es sich bei ihr um eine dritte Person, der gegenüber die nach § 4 Nr. 8 UWG unzulässigen Tatsachenbehauptungen geäußert werden müssen. Denn der Begriff des Dritten ist im Interesse eines effektiven Schutzes weit zu fassen, so dass auch Angestellte oder Mitarbeiter des betroffenen Unternehmens darunter fallen können (Köhler/Bornkamm, UWG, 28. Auflage 2010, § 4 UWG Rn. 8.18). Da Frau Mudge nach dem Vortrag der Antragsgegner jedoch auch als Vertreterin/Bevollmächtigte der Foresight Unlimited tätig ist, ist sie als „Dritte" anzusehen.

ZP 550

Case 8:14-cv-00874-CEH-AEP   Document 8-14   Filed 06/25/14   Page 9 of 11 PageID 211
Case 1:14-cv-00263-RDB   Document 10-1   Filed 03/28/14   Page 109 of 270

8

Die aus dem Teilantrag zu 1. bzw. aus dem Tenor der einstweiligen Verfügung zu a) ersichtliche Äußerung ist gemäß § 4 Nr. 8 UWG unlauter. Sie ist geeignet, den Betrieb der Antragstellerin zu 1) zu schädigen oder ihren Kredit zu gefährden.

Die Antragsteller haben dargelegt und glaubhaft gemacht, dass der Antragsgegner zu 2) die Äußerung gegenüber Frau Mudge getätigt hat. Aufgrund der eidesstattlichen Versicherung von Frau Mudge vom 16.01.2011 und ihrer beglaubigten Übersetzung aus der englischen Sprache ist die Kammer überzeugt, dass der Antragsgegner zu 2) gegenüber Frau Mudge äußerte, der Antragsteller zu 2) habe Software der Firma Logistep gestohlen.

Diese Glaubhaftmachung haben die Antragsgegner nicht erschüttert. Insbesondere haben sie ihre Behauptung, der Antragsgegner zu 2) habe lediglich geäußert, es sei aufgrund einer Gesamtschau der Umstände nicht auszuschließen, dass der Antragsteller zu 2) bei der Entwicklung von Software auf fremdes Wissen der Logistep AG zurückgriffen habe, nicht glaubhaft gemacht. Vielmehr haben sie lediglich die Ausführungen zu den Umständen, die die Zweifel des Antragsgegners zu 2) begründen sollen, glaubhaft gemacht. Dies reicht jedoch nicht aus, die Annahme, der Antragsteller zu 2) habe den Begriff „gestohlen" verwendet, zu widerlegen.

Die Äußerung, die sich die Antragsgegnerin zu 1) gemäß § 831 BGB zurechnen lassen muss, verstößt aus den genannten Gründen zudem gegen § 823 Abs. 2 BGB i.V.m. §§ 186, 187 StGB, da der Antragsgegner zu 2) eine unwahre Tatsache verbreitet, die den Antragsteller zu 2) verächtlich zu machen oder in der öffentlichen Meinung herabzuwürdigen geeignet ist.

Die Dringlichkeit wird gemäß § 12 Abs. 2 UWG vermutet.

Die für den Unterlassungsanspruch als Voraussetzung erforderliche Wiederholungsgefahr ist aufgrund der erfolgten Rechtsverletzung zu vermuten und hätte nur durch eine strafbewehrte Unterlassungserklärung ausgeräumt werden können, die nicht abgegeben wurde.

Die Antragsteller haben hingegen hinsichtlich der im Tenor der einstweiligen Verfügung unter 1. b) aa) und bb) genannten Äußerungen keinen Unterlassungsanspruch aus §§ 8 Abs. 1, 3 Abs. 1, 4 Nr. 8 UWG gegen die Antragsgegner.

Die Antragsgegner haben dargelegt und glaubhaft gemacht, dass die behauptete und durch die eidesstattliche Versicherung von Frau Mudge glaubhaft gemachte Äußerung des Antragsgegners zu 2), die Antragstellerin zu 1) erbringe unzuverlässige Recherchedienstleistungen, der Wahrheit entspricht. Die Antragsgegnerin zu 1) hat demnach von der ipoque GmbH erfahren, dass die An-

Case 8:14-cv-00874-CEH-AEP   Document 8-14   Filed 06/25/14   Page 10 of 11 PageID 212
Case 1:14-cv-00263-RDB   Document 10-1   Filed 03/28/14   Page 110 of 270

9

tragstellerin zu 1) IP-Daten von Anschlussinhabern ermittelt, die selbst keine Filmwerke der Öffentlichkeit zugänglich machen, also keinen „Upload" vornehmen. Dies lässt sich der als Anlage AG 17 vorgelegten Präsentation der ipoque GmbH vom 13.01.2011 entnehmen. Daraus folgt, dass der betreffende Film „Antichrist" unter der IP-Adresse der ipoque GmbH im Rahmen eines Testscreenings gelaufen ist, die ipoque GmbH den Film aber nicht als Upload angeboten hat. Dennoch ermittelte die Software der Antragstellerin zu 1), durch die lediglich urheberrechtswidrige Uploads ermittelt werden sollten, die IP-Daten der ipoque GmbH. Darauf mahnte die Antragsgegnerin zu 1) mit dem als Anlage AG 18 vorgelegten Schreiben – zu unrecht – ab. Dieser glaubhaft gemachte Sachverhalt rechtfertigt die Annahme, dass die streitgegenständliche Äußerung der Wahrheit entspricht.

Weiterhin entspricht auch die behauptete und glaubhaft gemachte Äußerung des Antragsgegners zu 2), in den USA sei eine Sammelklage von 4.300 Personen anhängig, der Wahrheit. Aus den von den Antragsgegnern eingereichten Anlagen AG 19 und 20 folgt, dass bei dem United States District Court of Massachusetts eine entsprechende Klage anhängig ist.

Die Äußerung ist auch nicht deshalb unlauter, weil sie, wie die Antragsteller meinen, von dem Antragsgegner zu 2) im Zusammenhang mit einem Abwerben von Mandanten erfolgt sei. Ein solches unlauteres Abwerben von Mandanten liegt aus den nachfolgenden Gründen nicht vor.

Schließlich haben die Antragsteller keinen Unterlassungsanspruch hinsichtlich der unter 1. b) cc) der einstweiligen Verfügung genannten Äußerung. Diese ist nicht unlauter im Sinne von § 4 Nr. 10 UWG.

Die Äußerung des Antragsgegners zu 2) stellt kein unlauteres Abwerben von Kunden der Antragstellerin zu 1) dar, sondern ein erlaubtes Werben um Mandanten.

Die Antragsteller haben nicht glaubhaft gemacht, dass sich die Antragsgegner Informationen beschafft hätten, an die sie ohne die Geschäftsbeziehung zur Antragstellerin zu 1) nicht gelangt wären. Jedenfalls handelt es sich nach den Ausführungen der Antragsteller und von Frau Mudge in der eidesstattlichen Versicherung bei dem von der Aussage betroffenen Unternehmen Foresight Unlimited um eine Mandantin der Antragsgegnerin zu 1), so dass der Antragsgegner zu 2) eine eigene Mandantin kontaktiert hätte.

Weiterhin ist nicht ersichtlich, dass sich die Antragsgegner in unlauterer Weise an die Los Banditos Film GmbH gewendet haben. Insoweit haben die Antragsteller weder Umstände dargelegt noch glaubhaft gemacht, aus denen sich die Unlauterkeit ergeben soll.

ZP 550

10

Die Kostenentscheidung ergibt sich aus § 92 Abs. 1 Satz 1 ZPO, die Entscheidung über die vorläufige Vollstreckbarkeit beruht auf §§ 708 Nr. 6, 711 ZPO.

Dr. Scholz          Dr. Danckwerts          Dr. Elfring

Ausgefertigt

Baate
Justizobersekretärin