UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MALIBU MEDIA, LLC,

    Plaintiff,

v.                                                                      Case No: 8:14-cv-874-T-36AEP

JOHN DOE SUBSCRIBER ASSIGNED IP
ADDRESS 97.97.173.107,

    Defendant.
_____/

## **ORDER**

    This cause comes before the Court on the Report and Recommendation of Magistrate Judge Anthony E. Porcelli (Doc. 16). In the Report and Recommendation, Magistrate Judge Porcelli recommends that Defendant John Doe's Omnibus Motion to Dismiss Action with Motion to Quash Non-Party Subpoena or Enter Protective Order (Doc. 8) be denied. Defendant filed an Objection to the Report and Recommendation (Doc. 17), to which Plaintiff responded (Doc. 18). This matter is therefore ripe for review.

**I.    BACKGROUND**

    Plaintiff brings this action alleging copyright infringement against Defendant for using the peer-to-peer protocol BitTorrent to unlawfully reproduce, distribute, and/or transmit motion pictures for which Plaintiff holds the copyright. Through its preliminary investigations, Plaintiff was able to identify Defendant only by his or her Internet Protocol address. Plaintiff therefore sought, and obtained, leave to file a third-party subpoena directed to Defendant's Internet Service Provider. Docs. 5, 7. Shortly thereafter, Defendant filed a motion requesting that the Court dismiss the Complaint and quash the subpoena or, alternatively, issue a protective order regarding the

information sought from Defendant's ISP.  The Magistrate Judge recommended in his Report and Recommendation that Defendant's motion be denied.  Doc. 16.

## II.     STANDARD OF REVIEW

When a party makes a timely and specific objection to a Magistrate Judge's Report and Recommendation, the district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); *Jeffrey S. v. State Board of Education of State of Georgia*, 896 F.2d 507, 512 (11th Cir. 1990).  The district judge may accept, reject, or modify in whole or in part, the Report and Recommendation of the Magistrate Judge.  Fed. R. Civ. P. 72.  The district judge may also receive further evidence or recommit the matter to the Magistrate Judge with further instructions.  *Id*.

A magistrate judge's ruling on a non-dispositive matter, on the other hand, must be affirmed unless "it has been shown that the magistrate judge's order is clearly erroneous or contrary to law."  28 U.S.C. § 636(b)(1)(A); *accord* Fed. R. Civ. P. 72(a) ("The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law.").  The "clearly erroneous or contrary to law" standard is extremely deferential.  *Pac. Employers Ins. Co. v. Wausau Bus. Ins. Co.*, 3:05-cv-850J99MMH, 2007 WL 433362, at *2 (M.D. Fla. Feb. 6, 2007).  A finding is only clearly erroneous if "the reviewing court, after assessing the evidence in its entirety, is left with a definite and firm conviction that a mistake has been committed."  *Krys v. Lufthansa German Airlines*, 119 F.3d 1515, 1523 (11th Cir. 1997).

## III.    DISCUSSION

### A.     Motion to Dismiss

To survive a motion to dismiss, a pleading must include a "short and plain statement of the claim showing that the pleader is entitled to relief."  *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009)

(quoting Fed. R. Civ. P. 8(a)(2)).  A complaint must contain sufficient factual matter, which, if accepted as true, would "state a claim to relief that is plausible on its face." *Id*. at 678 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citation omitted).  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully.  Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (quotation marks and citations omitted).

Defendant argues that the Complaint should be dismissed because Plaintiff has not pled facts that support a plausible entitlement to relief.  Primarily, Defendant suggests that there is only the mere "possibility" that the person who owns the Internet account committed the alleged acts of infringement.  Under the particular circumstances of this case, however, the Court disagrees.  Here, the Complaint alleges the infringement of numerous copyrighted works over the course of several months by the user of a single IP address.  Doc. 1-2.  As many other courts, including this one, have held, under these circumstances, the connection between the alleged acts of infringement and the owner of the Internet account (identified by proxy through the IP address) is sufficient to support a claim for relief that is plausible. *See, e.g.*, *Malibu Media, LLC v. Doe*, Case No. 8:13-cv-3209, Doc. 26 (M.D. Fla. Aug. 7, 2014).

Moreover, although creative, the Court finds unpersuasive Defendant's analogy to a man bringing suit for battery against the owner of a building after being punched in the face in that building by one of five unknown individuals while blindfolded.  The Court agrees that in this hypothetical situation, such a complaint may very well state only a possible, and not a plausible,

claim to relief. The analogy falls apart, however, because the Complaint here does not allege merely one, or even just several, acts that occurred at a few discrete times. Rather, the Complaint alleges over two dozen incidents that occurred over an extended period of time. To more accurately restate the analogy, if a blindfolded man were assaulted in a building on two dozen separate occasions over a span of six months, he may very well be able to state a plausible claim for relief against the owner of the building.

Finally, the Court agrees with Plaintiff that the situation here is unlike that in *Chism v. Washington State*, 661 F.3d 380 (9th Cir. 2011), or *Malibu Media, LLC v. Tsanko*, Case No. 12-cv-3899, 2013 WL 6230482 (D.N.J. Nov. 30. 2013). In *Chism*, the Ninth Circuit noted that an IP address, alone, "does not provide [the government] with *probable cause* to get a search or arrest warrant . . . ." *Chism*, 661 F.3d at 391 (emphasis added). Here, however, the probable cause standard is not at issue—rather, at issue is the more relaxed "plausibility" standard applicable to Rule 8. *See Watts v. Florida Int'l Univ.*, 495 F.3d 1289, 1295 (11th Cir. 2007) ("The Court has instructed us that the rule '*does not impose a probability requirement* at the pleading stage.'") (citation omitted; emphasis added). *Tsanko* is distinguishable because the subscriber in that case was not an individual, but rather a corporation, which "illuminated" the special concerns with identifying an alleged infringer upon the basis of an IP address. *See Tsanko*, 2013 WL 6230482, at *9. That circumstance is not present here, where Defendant does not claim that it is a corporation.

    **B.**    **Motion to Quash Non-Party Subpoena**

Federal Rule of Civil Procedure 45 requires a court to quash or modify a subpoena if it "(i) fails to allow a reasonable time to comply; (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c); (iii) requires disclosure of privileged or other protected matter, if no

exception or waiver applies; or (iv) subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A). If the party seeking to quash a subpoena is not the recipient of the subpoena, however, that party has standing to challenge the subpoena only if that party's "personal right or privilege" is at issue. *See Auto-Owners Ins. Co. v. Southeast Floating Docks, Inc.*, 231 F.R.D. 426, 429 (M.D. Fla. 2005) (citations omitted). The party seeking to quash a subpoena bears the burden of establishing at least one of the requirements under Rule 45(d)(3). *See Independent Mktg. Grp., Inc. v. Keen*, Case No. 11-cv-447, 2012 WL 512948, at *2 (M.D. Fla. Feb. 16, 2012).

Here, Defendant appears to suggest that it would be "fundamentally unfair" to permit Plaintiff to seek the third party subpoena because the connection between infringement and the owner of the Internet account is tenuous and Plaintiff allegedly violated state law to obtain Defendant's IP address. Neither of these reasons, however, falls under any of the categories stated in Rule 45(c). Defendant has also failed to establish that his or her "personal right or privilege" is at issue. In sum, Defendant has failed to set forth any adequate basis to quash the subpoena.

The Court recognizes that Defendant is understandably concerned that his or her name will be impugned (incorrectly or otherwise) by being associated with the allegations in the Complaint. Quashing the subpoena, however, is not the correct avenue for protecting Defendant from the embarrassment associated with the nature of pornography. Indeed, the mere act of releasing Defendant's identity to Plaintiff will not necessarily cause Defendant to be impugned, and Defendant remains free to separately seek protection from any undue harassment or burden that may potentially result as a consequence of permitting the subpoena to issue.

    **C.**    **Motion for Protective Order**

Defendant has not raised any specific objections to the portion of the Report and Recommendation denying his or her request for a protective order. The Court, having carefully

reviewed the parties' submissions and the Report and Recommendation, agrees with the Magistrate Judge that Defendant has failed to show good cause as to why a protective order should issue.

## IV. CONCLUSION

Plaintiff has pled a claim for relief that is plausible. Defendant has also failed to set forth an adequate basis for quashing the subpoena or granting a protective order. Accordingly, the Court is of the opinion that the Report and Recommendation should be adopted, confirmed, and approved in all respects. It is hereby **ORDERED and ADJUDGED**:

1. Defendant John Doe's Objections (Doc. 17) are **OVERRULED**.

2. The Report and Recommendation and Order of the Magistrate Judge (Doc. 16) is adopted, confirmed, and approved in all respects and is made a part of this Order for all purposes, including appellate review.

3. The Omnibus Motion to Dismiss Action with Motion to Quash Non-Party Subpoena or Enter Protective Order (Doc. 8) is **DENIED**.

**DONE AND ORDERED** in Tampa, Florida on November 3, 2014.

Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record
Unrepresented Parties, if any
United States Magistrate Judge Anthony E. Porcelli